the Surrogate's Court. In Bankers' Surety Co. v. Meyer, 205 N. Y. 219, 98 N. E. 399, Ann. Cas. 1913D, 1218, it was held:

"Ordinarily, where the Surrogate's Court has ample power to protect the rights of the parties by enforcing a just and proper administration of a decedent's assets, the Supreme Court will not undertake the administration of his estate. But it is well established that when a Surrogate's Court with its limited jurisdiction is unequal to the task of grappling with special circumstances, the Supreme Court will entertain jurisdiction and avoid a failure of remedy or a miscarriage of justice."

This is not such a case. Nowhere does it appear that the executors were given power to carry on business. If not, this court has no jurisdiction, and if they did have the power the debts subsequently accruing could not be collected out of the estate of the deceased to the exclusion of prior creditors. The powers and liabilities of executors continuing business are fully set forth in Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, and Redfield, Surrogate's Court Practice (6th Ed.) § 611.

The assignee for the benefit of creditors asks this court to approve his sale of real estate. If this be the real estate of the deceased a conveyance by the assignee, even with the approval of this court, would be absolutely void. Real estate of a deceased person cannot be thus disposed of for the benefit of creditors. But, even if this were the assignment of persons in their individual capacity, this court has no right to approve or disapprove sales except upon accounting or as provided in section 24 of Debtor and Creditor Law. The assignee is not an officer of this court.

Application denied.

---

(87 Misc. Rep. 65)

### MELLEN et al. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County. September, 1914.)

INJUNCTION (§ 102*)—GROUNDS—VIOLATION OF ORDINANCE.

An injunction will not lie to restrain a street railway company from permitting smoking on its street cars in violation of a city ordinance making such smoking unlawful.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 176; Dec. Dig. § 102.*]

Action by Ida Mae Mellen and others against the Brooklyn Heights Railroad Company. On motion for injunction pendente lite. Denied

Twyman O. Abbott, of New York City, for motion.
George D. Yeomans, of Brooklyn, and Howard L. Moody, opposed.

VAN SICLEN, J. Plaintiffs seek an injunction pendente lite restraining the defendant, a street surface railway company, from permitting smoking on its street cars. Plaintiffs urge in support of their application that a city ordinance renders smoking in the defendant's cars unlawful and that such smoking is injurious to their health. The defendant admits that it permits smoking during the summer months on the four rear seats of the so-called open and convertible cars, in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pursuance of an order of the public service commission. For the dis-· position of this motion it is not necessary to determine whether or not the public service commission had the power and authority to issue said order. The violation of a city ordinance is a misdemeanor, and therefore a crime. In effect the plaintiffs seek the mandate of this court to compel the defendant to prevent the commission of crime upon its cars. It has uniformly been held that the threatened commission of a crime will not be enjoined by a court of equity, unless there appear also "some interferences, actual or threatened, with property or rights of a pecuniary nature." See Matter of Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092.

It remains, then, to determine whether or not the acts complained of constitute such an interference with property or right of a pecuniary nature as will entitle the plaintiffs to the benefit of this rule. I am satisfied that the papers do not show such an interference. In fact, I am not convinced that any right of property or of a pecuniary nature is involved at all. The claim of injury to health is at most conjectural and speculative. None of the allegations of the moving papers impresses me as sufficient to entitle the plaintiffs to the relief sought. It seems, furthermore, that the plaintiffs have sufficient protection from such acts as may constitute punishable violations of the law. Any of the offenses complained of must from the very nature thereof be committed in the immediate presence of the plaintiffs, and if the city ordinance is enforceable at all, as the plaintiffs claim it is, the offending violators thereof are amenable to a prosecution thereunder. It is merely necessary for the plaintiffs to make the requisite complaint to the proper authorities. It is in no wise necessary for the court to summarily enforce upon the defendant the duty of executing the criminal laws. Motion denied.

Motion denied.